UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MANDY RAE FOULKS,<br><br>             Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>             Defendant. | CASE NO. 2:16-cv-01405 JLR JRC<br><br>ORDER DENYING APPLICATION FOR COURT APPOINTED COUNSEL |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).

*Pro se* plaintiff, MANDY RAE FOULKS, proceeding *in forma pauperis* ("IFP"), moves for court appointed counsel to assist with her claim (*see* Dkt. 4).

For the reasons discussed herein, the Court **DENIES** plaintiff's motion without prejudice.

There is no right to counsel in civil cases, and district courts may appoint counsel for litigants proceeding IFP only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d

1015, 1017 (9th Cir. 1991) (citation omitted); *see* 28 U.S.C. § 1915(e)(1). As indicated by the Ninth Circuit:

> A finding of exceptional circumstances requires an evaluation of both 'likelihood of success on the merits and the ability of a plaintiff to articulate h[er] claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citations omitted).

At this time, plaintiff has not shown exceptional circumstances that justify appointment of counsel. Plaintiff's claims arise out of the Social Security Administration's denial of disability benefits to plaintiff (*see* Dkt. 3). Plaintiff indicates in her motion that she has contacted a group of disability attorneys and was told that they could not take the case until it was filed with the Court (*see* Dkt. 4, p. 2). As attorneys in this district routinely take social security disability appeals on a contingency basis, it is unclear the basis for this indication from plaintiff's motion. In addition, plaintiff's case now has been filed with the Court, removing the stated reason for plaintiff's delay in being able to procure an attorney.

Plaintiff contends the Commissioner erred in denying her benefits, but without viewing the record, the Court cannot say whether there is any likelihood of success on the merits. In addition, without an opening brief, the Court at this juncture is not able to determine plaintiff's ability to articulate her claims. The Court concludes that at this time plaintiff has failed to demonstrate exceptional circumstances justifying appointment of counsel. *See Terrell, supra,* 935 F.2d at 1017.

Accordingly, the Court DENIES plaintiff's motion for appointment of counsel (Dkt. 4) without prejudice.

1 | The Court also directs plaintiff to the Court's website, which includes information for *pro se* litigants, such as the *Pro Se* Guide to Filing Your Lawsuit in Federal Court, which includes resources for potentially finding legal advice: http://www.wawd.uscourts.gov/pro-se (last visited October 24, 2016). *See also "Where Can You Get Legal Advice?"* located at *Pro Se* Guide, p. 38, http://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf (last visited October 24, 2016).

The Clerk shall provide a copy of this order to plaintiff.

For the reasons stated, the Court hereby **DENIES** plaintiff's motion for appointment of counsel (Dkt. 4) without prejudice.

Dated this 25th day of October, 2016.

*[signature]*

J. Richard Creatura
United States Magistrate Judge