UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MANDY RAE FOULKS,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

        Defendant.

CASE NO. 2:16-cv-01405 JLR-JRC

REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER AND FOR LACK OF PROSECUTION

NOTED FOR: JUNE 2, 2017

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter is before the Court on this Court's Order to Show Cause why this matter should not be dismissed for failing to follow the Court's Scheduling Order (*see* Dkt. 16).

REPORT AND RECOMMENDATION - 1

This Court issued the Order to Show Cause why this matter should not be dismissed (Dkt. 16) on April 5, 2017, ordering plaintiff to file her opening brief or show cause by April 21, 2017 why this matter should not be dismissed for lack of prosecution.

Plaintiff has failed to file anything in response to this Court's Order. For this reason, this Court recommends that this action be dismissed without prejudice.

BACKGROUND

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* was granted and her Complaint was filed on September 7, 2016. Dkts. 1-3. The Court directed service of the Summons and Complaint pursuant to General Orders 04-15 and 05-15 on September 7, 2016. *See* Dkts. 5, 6. The defendant filed the Answer/Administrative Record on November 7, 2016. Dkt. 11.

The Court's initial Scheduling Order, (Dkt. 12), was dated and mailed to plaintiff on November 9, 2016. This Order directed plaintiff to file an opening brief on or before December 12, 2016. *See id*. Plaintiff filed a motion for continuance of the scheduling order on December 8, 2016 (Dkt. 13) and the Court granted plaintiff's motion. Dkt. 14. Plaintiff's opening brief then was due on or before January 20, 2017. *See id*. Plaintiff failed to file an Opening Brief. Defendant Acting Commissioner filed a responsive brief "[o]ut of abundance of caution." Dkt. 15. The Order to Show Cause was filed and mailed to plaintiff on April 5, 2016. Dkt. 16. This Order stated in part:

> (1) Mandy Rae Foulks, plaintiff, must submit to the Court by **April 21, 2017** a brief explaining what the ALJ did wrong, with citations to the Administrative Record; what evidence supports plaintiff's position; and why the ALJ's error was harmful, and also must follow the requirements noted in the Scheduling Order (*see* Dkt. 12).

        (2)     If plaintiff does not file or cannot file a brief, she must explain why the case should not be dismissed for failing to follow the Court's scheduling order. She must submit this explanation to the Court no later than **April 21, 2017**.

        (3)     If plaintiff timely files a brief and/or explains why she failed to follow the scheduling order, the Acting Commissioner shall file a response by **May 12, 2017**.

        (4)     If plaintiff does not file an opening brief and does not explain adequately why she failed to follow the scheduling order, the Court will file a Report and Recommendation, recommending that the case be dismissed.

. . .

The Court directs plaintiff to the Court's website, which includes information for *pro se* litigants, such as the *Pro Se* Guide to Filing Your Lawsuit in Federal Court, which includes resources for potentially finding legal advice: http://www.wawd.uscourts.gov/representing-yourself-pro-se (last visited April 4, 2017). *See "Resources That May Help You"* located at *Pro Se* Guide, pp. 35-37.

Dkt. 16, pp. 3-4.

## DISCUSSION

The Court was not willing to risk dismissal of an action before consideration of the merits when "other less drastic alternatives [we]re [] available," in part, due to plaintiff's *pro se* status. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (*citing Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (1981)). The Court provided notice to plaintiff that this Court would recommend that this matter be dismissed for lack of prosecution if plaintiff failed to follow the Court's order and file an opening brief. Dkt. 16. The plaintiff has failed to prosecute this case. Local Civil Rule 11(c); *see, also* Fed. R. Civ. P. 41(b).

//

//

## CONCLUSION

As plaintiff failed to abide by this Court's order to file an opening brief or show cause why this matter should not be dismissed, the undersigned recommends that this matter be dismissed without prejudice for lack of prosecution and that the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 2, 2017**, as noted in the caption and mail a copy of the Report and Recommendation to pro se plaintiff at her last known address.

Dated this 3rd day of May, 2017.

J. Richard Creatura
United States Magistrate Judge